**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1942**

_____

TATIANA ZLOBINA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  March 8, 2016          Decided:  March 16, 2016

_____

Before KING, GREGORY, and KEENAN, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Alexander J. Segal, THE LAW OFFICES OF GRINBERG & SEGAL, P.L.L.C., New York, New York, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Shelley R. Goad, Assistant Director, Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tatiana Zlobina, a native and citizen of Moldova, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's (IJ) order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), and finding that she filed a frivolous asylum application. Zlobina challenges the agency's adverse credibility finding and the finding that she filed a frivolous asylum application. She also contends that she sustained her burden of proof and is eligible for withholding of removal and protection under the CAT. We deny the petition for review.

Zlobina bears the burden of establishing eligibility for relief from removal. Hui Pan v. Holder, 737 F.3d 921, 927 (4th Cir. 2013). To be eligible for asylum, Zlobina must show that she cannot return to Moldova because she has a well-founded fear of persecution on account of a protected ground. Id. Zlobina, like all aliens, faces a higher burden of proof to establish her entitlement to withholding of removal because she must show "a clear probability of persecution on account of a protected ground." Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011) (internal quotation marks omitted). Thus, if Zlobina fails to meet her burden of proof, she is also ineligible for withholding of removal. Id.

The scope of our review is narrow. Hui Pan, 737 F.3d at 926. We review factual findings for substantial evidence; such findings are conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2012); Cordova v. Holder, 759 F.3d 332, 337 (4th Cir. 2014). We will affirm so long as the decision "is not manifestly contrary to law." Hui Pan, 737 F.3d at 926. (internal quotation marks omitted). We will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); see also Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

The IJ, after "[c]onsidering the totality of the circumstances, and all relevant factors," may make an adverse credibility determination based on factors such as the plausibility of the applicant's account, the consistency between the applicant's written and oral statements, the internal consistency of each such statement, the consistency of such statements with other evidence, or any other relevant factor. 8 U.S.C. § 1158(b)(1)(B)(iii) (2012); Hui Pan, 737 F.3d at 928. A credibility determination may rest on any relevant factor, even one that does not "go[ ] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

3

The credibility provision "ensures that an IJ does not cherry pick solely facts favoring an adverse credibility determination while ignoring facts that undermine that result." Hui Pan, 737 F.3d at 928 (internal quotation marks omitted). "When an adverse credibility determination has been made, this court must assess whether the IJ or [the Board] identified non-speculative, specific, cogent reasons in support of the adverse credibility finding." Id. (internal alteration and quotation marks omitted). We review an adverse credibility finding for substantial evidence. Id. at 926, 928.

Here, we conclude that the Board's finding that the IJ considered the totality of the evidence before making the adverse credibility finding is not clearly erroneous. We further conclude that the adverse credibility finding is supported by substantial evidence. An adverse credibility finding can rest on the determination that the alien submitted a fraudulent document in support of her asylum claim. Borovikova v. U.S. Dep't of Justice, 436 F.3d 151, 156-58 (2d Cir. 2006). Zlobina admitted that she submitted several fraudulent documents in order to bolster her claims.

Moreover, we conclude that substantial evidence supports the Board's finding that the IJ did not err in determining that Zlobina filed a frivolous asylum application. See Siddique v. Mukasey, 547 F.3d 814, 816 (7th Cir. 2008) (holding that whether

4

alien filed false or fraudulent material supporting asylum application is finding of fact reviewed for substantial evidence). Zlobina's claims that she did not receive adequate notice of the consequences of filing a frivolous asylum application or of what constituted a frivolous asylum application are without merit. Finally, we conclude that substantial evidence supports the Board's finding that the IJ did not err in finding Zlobina ineligible for withholding of removal or protection under the CAT.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

5